IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **NORMAN SHELTON,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:17-cv-764 |
| | § | |
| **BONHAM INDEPENDENT SCHOOL DISTRICT,** | § | |
| | § | |
|     **Defendant.** | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Norman Shelton, Plaintiff, and files this original complaint against Bonham Independent School District (hereinafter "Defendant," "BISD," and "District"), and would respectfully show the Court as follows:

### I.  PARTIES

1. Plaintiff is an individual residing in Fannin County, Texas.

2. Defendant Bonham Independent School District is a governmental entity doing business in Texas and may be served by serving Dr. Marvin Beaty, Superintendent, Bonham Independent School District Administration Building, 1005 Chestnut Street, Bonham, Texas 75418

### II. JURISDICTION

3. Jurisdiction is founded on federal question, specifically, 29 U.S.C. § 623, *et seq.* ("Age Discrimination in Employment Act of 1967," "ADEA"), as amended, and 42 U.S.C. § 1983, *et seq.*, as amended.

4. All prerequisites to filing suit have been met.

## III. FACTS

5.    Plaintiff was employed for approximately twelve years by Bonham Independent School District.  At the time of his discharge on September 21, 2016, he was employed as a groundskeeper in the maintenance department.

6.    Upon information and belief, Defendant had twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the ADEA.

7.    On or about August 24, 2016, Plaintiff was called to the administration office and asked to write out a statement regarding the sale of district equipment for recycling by John Shackelford, his supervisor, the Director of Transportation/Maintenance.

8.    Mr. Shackelford was being accused of stealing the equipment and/or proceeds from the sale of materials for recycling.

9.    Plaintiff was asked not to discuss the matter with anyone.

10.    On August 26, 2016, Jim Currin, the District's electrician (age approximately 40-44 years), approached Plaintiff's wife at a non-district event and asked her how old Plaintiff was and how many years he had with the district.

11.    At the same event, another person, Cheryle Haywood, asked Plaintiff what was going on at the District.  Plaintiff told her he could not talk about it.  However, Jim Currin proceeded to fill her in on the investigation step by step.

12.    On September 6, 2016, employees of the maintenance and transportation departments met with Dr. Marvin Beaty, Superintendent, and Bill Wakefield, Director of Operations.  They informed the employees that Melissa Daniels was named as interim director of transportation and Claude

Lewis was named interim director of maintenance.

13. On September 7, 2016 while working in the administration offices, Plaintiff was asked by an administrator how long he planned to work for the District before retiring and what his start date with the District was.

14. When Plaintiff returned from lunch that day, Claude Lewis, the interim director of maintenance, told him Bill Wakefield had ordered Plaintiff was not to talk to any reporters or he would lose his job.

15. On September 14, 2016, Mike Stephens of the Bonham Police Department called Plaintiff into the police department to give a statement on the accusations against John Shackelford. On September 16, 2016, Plaintiff returned to Bonham Police Department and spoke with Lisa Bridges who asked him to identify keys.

16. On September 17, 2016, while working his second job at the Bonham VFW, Plaintiff was approached by Jim Currin who wanted to know what was said at the police department. To Plaintiff's knowledge, no one other than Bill Wakefield and Claude Lewis knew he had been to the police department.

17. Mr. Currin said Mr. Wakefield had asked if he thought John Shackelford and Plaintiff were in cahoots on the recycling scheme.

18. Plaintiff only took things to recycling when his supervisors, John Shackelford and Bill Wakefield, told him to do so.

19. On September 21, 2016, Plaintiff was called to Bill Wakefield's office where Kelly Trompler, an Assistant Superintendent, and Mr. Wakefield informed him he was terminated for talking about the investigation.

20. When Plaintiff picked up his final check two days later, he asked Mr. Wakefield why he was terminated and Mr. Wakefield told him it was for insubordination.

21. Plaintiff told Mr. Wakefield that another employee (Jim Currin, aged approximately 40-44 years) was discussing the investigation and other school business but had received no disciplinary action. Mr. Wakefield requested names and said Plaintiff had better be able to back up what he said.

22. At the time of his discharge, Plaintiff was earning approximately $12.92 per hour for a 40 hour workweek plus overtime and benefits.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

## COUNT I

## Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended

23. A. Plaintiff alleges he was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, protecting Plaintiff (49 years of age) from discrimination on the basis of age.

24. B. Plaintiff claims all relief, legal and equitable that effectuate his rights under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

25. C. Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

26. D. On or about January 13, 2017, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On August 2, 2017, he received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated July 28, 2017. 2016.

27. In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## COUNT II

### Violations of 42 U.S.C. § 1983, *et seq.*, as amended

28. Plaintiff contends Defendant, acting under color of law, discharged Plaintiff for exercising his right to free speech, guaranteed under the First Amendment of the United States Constitution, in violation of 42 U.S.C. 1983, *et seq.*, as amended.

29. Plaintiff claims all relief, including damages, afforded by 42 U.S.C. 1983, *et seq.*, as amended.

## V.  DAMAGES

30. Plaintiff would show that he has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct.  Plaintiff claims all relief at law and in equity pursuant to 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, and 42 U.S.C. § 1983, *et seq.*, as amended.

## VI. ATTORNEY'S FEES

31. Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, he is entitled to reasonable and necessary attorney's fees.

## VII. JURY DEMAND

32. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; reinstatement; liquidated damages; mental anguish; punitive damages; reasonable attorney's

fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show himself justly entitled.

        Respectfully submitted,

        **RONALD R. HUFF**
        Attorney and Counselor at Law
        112 South Crockett Street
        Sherman, Texas 75090
        (903) 893-1616 (telephone)
        (903) 813-3265 (facsimile)
        ronhuff@gcecisp.com

        /s/ Ronald R. Huff
        Ronald R. Huff (SBN 10185050)
        **ATTORNEY FOR PLAINTIFF**