# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| NORMAN SHELTON | § § | |
| v. | § § | Civil Action No. 4:17-CV-00764 |
| BONHAM INDEPENDENT SCHOOL DISTRICT | § § § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Bonham Independent School District's ("Bonham ISD") Motion for Partial Dismissal of Plaintiff's Original Complaint (Dkt. #6). After reviewing the relevant pleadings, the Court finds the motion should be denied.

## BACKGROUND

On October 24, 2017, Plaintiff Norman Shelton filed her Complaint (Dkt. #1). On December 1, 2017, Bonham ISD filed its Motion for Partial Dismissal of Plaintiff's Original Complaint (Dkt. #6) arguing to dismiss Plaintiff's Frist Amendment retaliation claim. Plaintiff filed her response (Dkt. #22) on January 5, 2018, requesting leave to amend her pleadings. Bonham ISD filed its reply (Dkt. #24)on January 12, 2018.

The Court has yet to issue a scheduling order in this case and, as of the date of this Order, there is no deadline set for Plaintiff to file amended pleadings.

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule

15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider "whether there has been 'undue delay, bad faith or dilatory motive, . . . undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)).

The Court has discretion to deny a motion to amend if amendment would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) (citation omitted). Futility in the context of an amended complaint means that the amended complaint would fail to state a claim upon which relief could be granted. *Id.* at 873. The same standard of legal sufficiency applies as it would under Rule 12(b)(6). *Id.*

## ANALYSIS

Bonham ISD argues that Plaintiff's First Amendment retaliation claim fails because Plaintiff failed to plead any facts sufficient to establish municipal liability under § 1983. In her response, Plaintiff does not address the merits of Bonham ISD's arguments, but instead requests leave to amend her complaint. The Court finds granting Plaintiff's request appropriate in this case.

## CONCLUSION

It is therefore **ORDERED** that Bonham Independent School District's Motion for Partial Dismissal of Plaintiff's Original Complaint (Dkt. #6) is **DENIED as moot**. Further, Plaintiff is **ORDERED** to file an amended complaint no later than February 1, 2018.

**SIGNED this 18th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE